### 6190. MATTOX *v.* CITY OF GLENNVILLE.

RUSSELL, C. J. 1. The fact that a judge of the superior court, after the hearing upon a petition for certiorari, which was had during the term, reserved his decision (desiring time to further consider the case), and thereafter, in vacation, rendered a judgment overruling the certiorari without notice to either party or their counsel, affords no ground of exception to the judgment rendered, when it appears that the action of the judge in reserving his decision was taken with the "consent and at the suggestion of counsel for plaintiff in error." And this is true even though no order allowing the case to be determined in vacation was taken during term time.

2. It was within the power of the petitioner in certiorari, by timely exceptions, to require that the affidavit and warrant upon which his trial in the municipal court proceeded be incorporated in the record, and thus presented to the judge of the superior court for review. Since the municipal ordinance which he was charged with violating not only forbade the keeping of intoxicating liquors for sale, but also penalized the carrying of intoxicants for the purpose of sale on the streets of the municipality, the judge of the superior court, upon the hearing of the certiorari, was authorized to assume (in view of the omission to except to the answer above referred to) that the municipal accusation was broad enough to include the charge that the defendant had violated the ordinance in both of the ways therein mentioned; and since both the evidence and the defendant's statement authorized his conviction of the municipal offense of carrying spirituous liquors on his person for the purpose of unlawful sale within the municipality, the judge of the superior court did not err in overruling the certiorari.

*Judgment affirmed.*

DECIDED JULY 2, 1915.

Certiorari; from Tattnall superior court—Judge Sheppard. October 28, 1914.

*H. H. Elders,* for plaintiff in error.   *C. L. Cowart,* contra.